[Crim. No. 3062.   Second Dist., Div. One.   June 29, 1953.]

In re MICHAEL SPANIER, on Habeas Corpus.

William W. Larsen for Petitioner.

No appearance for Respondent.

THE COURT.—This is a petition for a writ of habeas corpus. Petitioner pleaded guilty in the superior court to the offense of contributing to the delinquency of a minor, a misdemeanor.   Thereafter, the court duly appointed psychiatrists to examine him, and after consideration of the written reports of two psychiatrists the court committed petitioner to the State Hospital at Norwalk, California, for the 90-day period of examination provided for by the terms of section 5512 of the Welfare and Institutions Code.   Upon the expiration of said 90 days and the return of petitioner to the superior court, it was determined that he was a sexual psycopath, and thereupon the court recommitted him as such to the State Hospital at Norwalk.

Within five days thereafter petitioner gave notice in writing, demanding retrial of the issue of sexual psycopathy before a jury, and a jury trial is now set before said superior court for July 6, 1953.

Petitioner's counsel requested that bail be fixed and that petitioner be allowed his liberty on bail pending the jury trial on said issue, but the trial court refused to set bail.

In his petition for a writ of habeas corpus petitioner seeks to be released on bail.

Nowhere in the petition is it alleged that petitioner has

taken an appeal from the judgment of conviction of the aforesaid misdemeanor charged.

Section 1272 of the Penal Code provides that an accused is entitled to bail as a matter of right after conviction of a misdemeanor, only when an appeal has been taken from such judgment of conviction.

The petition for a writ of habeas corpus is denied.